## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alexander Nelson,<br>The Alexander Nelson Trust,<br><br>        Plaintiffs,<br><br>    v.<br><br>American Modern Insurance Group, Inc.,<br>NCM Insurance Agency, LLC<br><br>        Defendants. | Case. No. 23-CV-525 (NEB/JFD)<br><br><br>**ORDER** |

---

This matter is before the Court on Plaintiff Alexander Nelson's Motion for Appointment of Counsel (Dkt. No. 34). Mr. Nelson and the Alexander Nelson Trust allege that Defendants violated the Americans with Disabilities Act ("ADA"), the Minnesota Human Rights Act ("MHRA"), and the Federal Rehabilitation Act. (Second Am. Compl. at 1.) When Mr. Nelson sought insurance coverage for the occasional use of a classic car, he asked Defendants to waive the requirement that the policy holder own a car for daily use. (*Id.* at ¶¶ 3–5, Dkt. No. 49.) Defendants declined. (*Id.*) Mr. Nelson claims his disability prevents him from using a car regularly, so he does not own one, and Defendants' refusal to waive this provision of the policy constitutes discrimination based on his disability. (*Id.* at ¶¶ 4, 6, 7, 9, 10, 12) Mr. Nelson seeks representation for himself and the Alexander Nelson Trust, which is also named as a plaintiff in this case. (*Id.*; Pls.' Mot. Appoint Counsel 1–2.)

Mr. Nelson argues that he is "in a precarious place managing litigation for the Trust when the Trust rules assign general management of the Trust to trustees." (Pls.' Mot.

1

Appoint Counsel 1.) He represents that the trustees "have indicated their willingness to join this suit for the Trust if the Trust were to be represented by a licensed attorney, if that were necessary for the Trust to sue." (*Id.* at 1–2.) Mr. Nelson reports that an attorney at the Disability Law Center may be willing to represent Plaintiffs "if ordered to do so by the Court." (*Id.* at 2.) Mr. Nelson also advises that his disabilities may cause delays and "other problems" in this case. (*Id.* at 2) Mr. Nelson asks this Court to appoint the Disability Law Center attorney to represent the Plaintiffs, or at least the trust plaintiff. (*Id.*)

Defendants have not formally responded to the motion but have argued in previous filings with the Court that the Alexander Nelson Trust is not a real party in interest under Federal Rule of Civil Procedure 17(a) and is not an entity that can sue or be sued under Minnesota law. (Notice of Removal ¶¶ 8–11, Dkt. No. 1; Def. Am. Modern Ins. Grp. Inc.'s Mem. Supp. Mot. Dismiss 6–7, Dkt. No. 18; Def. NCM Ins. Agency, LLC's Mot. for Judgment on the Pleadings 4, Dkt. No. 41; Letter re: Partial Withdrawal of Motion, Dkt. No. 50; Notice of Partial Withdrawal of Am. Modern Ins. Grp., Inc.'s Mot. to Dismiss Pls.' Comp., Dkt. No. 51.)

## I.    Legal Standard

The Minnesota State District Court concluded that Mr. Nelson is qualified to proceed *in forma pauperis* (*See* Notice of Removal, Ex. 1 at 9, Dkt. No. 1-1). The Court construes this as a finding of indigency and so construes his motion for appointment of counsel as one pursuant to 28 U.S.C. § 1915(e), which provides that a court "*may* request an attorney to represent any person unable to afford counsel," if a plaintiff states a "non-frivolous claim" and if the Court finds that the plaintiff and the Court would benefit from

2

the services of counsel. 28 U.S.C. § 1915(e) (emphasis added); *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). The statute "refers to natural persons only," *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993). The use of "may" in the statutory text is consistent with the rule that indigent civil litigants have "neither a constitutional nor a statutory right to appointed counsel." *Patterson*, 902 F.3d at 850; *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Among the factors that a court should consider in deciding whether to appoint counsel are "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Ward*, 721 F.3d at 942.

In his motion, Mr. Nelson cites Minn. Stat. § 363A.33 subd. 4 (2022) as a source of authority under which this Court may appoint counsel. ("Upon application by the complaining party to the district court . . . and under circumstances the court deems just, the court may appoint an attorney . . . ."). While a state statute should not dictate the terms under which a federal court will appoint counsel, Mr. Nelson has also sued under the ADA, a federal law which provides a similar grant of authority to the federal courts. 42 U.S.C. § 12188(a) (cross-referencing an enforcement provision from the Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a)); 42 U.S.C. § 2000a-3(a)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ."); *see also Winslow v. IDS Life Ins. Co.*, 29 F. Supp. 2d 557, 561–563 (D. Minn. 1998) (holding as a matter of first impression in the Eighth Circuit that the ADA applies to insurance policies).

3

## II.      Analysis

The Court cannot order a lawyer to appear as counsel for an indigent civil litigant. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989). Section 1915(e) does not allow a court to require an attorney to represent a civil litigant. *Mallard*, 490 U.S. at 310 (1989); *see also Anderson v. Janssen*, No. 17-CV-4480 (WMW/FLN), 2018 WL 10638660, *1–2 (D. Minn. Apr. 23, 2019) ("[T]his Court notes that appointment of counsel is something of a misnomer in the context of most civil litigation."). Further, Section 1915(e) applies only to natural persons. *Rowland*, 506 U.S. at 203.

The Alexander Nelson Trust is not a natural person and so the Court could not require counsel to represent it under § 1915(e), assuming for the sake of argument that the trust can be sued at all.[1] That the trust is not a natural person is dispositive of Mr. Nelson's request that a lawyer be ordered to represent the trust.

As to the question of appointing a lawyer for Mr. Nelson personally, applying the *Ward* factors set forth above to the complaint and subsequent filings, the Court finds that Mr. Nelson's case is factually and legally straightforward. It involves negotiations around a single automobile insurance quote; Plaintiff alleges that Defendants' unwillingness to modify the requirements of the policy constituted discrimination. Even if conflicting testimony arises in this case, Mr. Nelson has been able to articulate his positions on the

---

[1] Both Defendant Modern American Insurance Group in its Motion to Dismiss (Dkt. No. 16) and Defendant NCM Insurance Agency, LLC in its Motion for Judgment on the Pleadings (Dkt. No. 39) argue that the trust is not an entity that can be sued. (See Def. Am. Modern Ins. Grp. Inc.'s Mem. Supp. Mot. Dismiss 6–7, Dkt. No. 18; Def. NCM Ins. Agency, LLC's Mot. for Judgment on the Pleadings 4, Dkt. No. 41.) Those motions are pending before the District Court Judge.

issues to opposing counsel and to this Court (including citations to case law). Mr. Nelson has not explained how his disability prevents him from investigating his claim and pursuing it in this court, aside from prior difficulties filing documents, which now appear to be resolved.

Although a court cannot order an attorney to represent an indigent person, it can order an attorney to represent a person suing under the ADA or the MHRA.[2] 42 U.S.C. § 2000a-3(a)(1); Minn. Stat. § 363A.33 subd. 4; *see Mallard*, 490 U.S. at 307 (characterizing 42 U.S.C. § 2000a-3(a) as one of many "apparently coercive representation statutes"). But, for the same reasons it declines to request counsel under § 1915(e), the Court does not find it just to appoint counsel under the ADA or the MHRA in this case.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 34) is **DENIED WITHOUT PREJUDICE**. Mr. Nelson is reminded that various resources are available to him on the Court's website for *pro se* litigants under "Representing Yourself" found at https://www.mnd.uscourts.gov/representing-yourself.


 Date: May 17, 2023                              *s/ John F. Docherty*
                                                 JOHN F. DOCHERTY
                                                 United States Magistrate Judge

---

[2] Because the grants of authority to appoint counsel in the ADA and MHRA are substantially similar, the Court need not decide which statute provides the rule of decision under the *Erie* doctrine. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Courts under either statute may appoint counsel in "circumstances the court deems just" or "may deem just." Minn. Stat. § 363A.33; 42 U.S.C. § 2000a-3(a)(1). The Court notes, however, that at least one court in this District has appointed counsel citing Minn. Stat. § 363A.33. Order on Report and Recommendation of Magistrate Judge at 2–3, *Kroll v. St. Cloud Hosp.*, No. 5-CV-915 (JRT/RLE) (D. Minn. Jan. 20, 2006).