## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Alexander Nelson,

Case No. 23-cv-525 NEB/JFD

Plaintiff,

**AMERICAN MODERN INSURANCE GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA TO NON-PARTY ANN OLSON**

v.

American Modern Insurance Group, Inc.,
NCM Insurance Agency, LLC,

Defendants.

### <u>INTRODUCTION</u>

Ann Olson possesses information that is relevant to the parties' claims and defenses, and the limited scope of discovery sought by American Modern is proportional to the needs of the case. Unfortunately, Ms. Olson's lack of cooperation, and now, outright refusal to communicate with counsel for American Modern, has effectively barred American Modern from conducting necessary discovery to present its defenses. Counsel has been exceedingly gracious with Ms. Olson and has attempted to facilitate accommodation to meet her undisclosed medical issue. All to no avail, as Ms. Olson has not complied with the subpoena. To complicate matter further, Mr. Nelson himself has attempted to negotiate the scope of the subpoena. The Court should Compel Ms. Olson to produce the documents sought by the subpoena and sit for an in-person deposition (if feasible).

## BACKGROUND

**I.    Ms. Olson Is Identified as A Person with Knowledge or Information About Mr. Nelson's Allegations.**

Ms. Olson is Plaintiff Alexander Nelson's mother and trustee of the Alexander Nelson Special Needs Trust. (Dkt. No. 142, Ex. 3 at 4.)[1] In response to Defendants' interrogatories, Mr. Nelson identified Ms. Olson as a person with knowledge or information relating to the allegation in the complaint. (*Id.*) Specifically, Mr. Nelson stated that "Ms. Olson did attempt to facilitate through emails with Defendants, classic auto insurance for the 1965 Stingray Corvette owned by the Trust. Ms. Olson is also Plaintiff's mother and since Plaintiff understands moving has been a priority for her, he is unsure of her current address." (*Id.*) Mr. Nelson is correct that Ann Olson engaged with Defendants in attempting to procure the insurance that Mr. Nelson sought. In fact, American Modern has produced email communications showing Ms. Olson stating that she is the "trustee for [the] Aaron Olson Special Needs Trust," and that American Modern should write the policy "under me, the trustee." (Ex. A at AMIG000050–52.)

There is more. Ann Olson appears to be the current owner of the vehicle Mr. Nelson sought to insure. (Ex. B.) Thus, Ms. Olson was also involved in attempting to obtain insurance, apparently owns the vehicle at issue, and is Mr. Nelson's trustee.

---

[1] Unless otherwise stated, all **numbered** Exhibits cited herein are attached to Declaration of Larry E. LaTarte, (Dkt. No. 142), and all **lettered** Exhibits cited herein are attached to the concurrently filed Declaration of Diego E. Garcia.

II.    **American Modern Serves a Rule 45 Subpoena on Ms. Olson.**

On December 14, 2023, counsel for American Modern emailed Ms. Olson a copy of the subpoena that was being served on her.[2] (Exs. C–D.) In that email, counsel explained that "[we] are attorneys representing American Modern Insurance Group in a litigation initiated by Alexander Nelson," and that Mr. Nelson identified her as a person with knowledge of the allegation in his lawsuit. (Ex. D.) Counsel for American Modern offered to provide parking recommendations, shift the date of the deposition to accommodate Ms. Olson's schedule, and to discuss on a call the documents American Modern sought:

> We currently have the deposition scheduled for January 10, 2023 at our office in downtown Minneapolis. The address is on the subpoena, and I can provide recommendations for parking close to our office if you would like. Please let me know if that date does not work for you, and we can find a day in early January that you are available. Additionally, as you will see in the subpoena, we have requested that you produce certain documents related to this litigation. I'm happy to have a call with you to discuss what documents we are looking for and the best way to get those to us.

(*Id.*)

On December 18, 2023, Ms. Olson was personally served with American Modern's subpoena (Ex. E (affidavit of service).) Subsequently, on December 20, 2023, counsel for American Modern sent Ms. Olson another email, asking her to "confirm the date of the deposition and discuss the best way you can get us the documents we have requested." (Ex. D.) Counsel provided Ms. Olson their phone number. (*Id.*) Ms. Olson never responded.

---

[2] American Modern used the email address provided by Mr. Nelson. Although Mr. Nelson claims to not know Ms. Olson's home address, American Modern was able to identify Ms. Olson's address—a property she has owned for over three decades.

### III.    Ms. Olson Refuses to Comply with the Subpoena.

Then, on January 1, 2024, Ms. Olson emailed counsel to explain that "due to my immediate medical issues, I'm unable to attend the deposition in-person that you have scheduled in Minneapolis. I can however attend that deposition through the internet and am therefore requesting that."[3] (Ex. F.) The following day, counsel for American Modern responded:

Ms. Olson:

Thank you for the email, and we are sorry to hear about your immediate medical issues. Before we would agree to a remote deposition, we would like to discuss options to accommodate your medical issues. Please provide me a phone number where I can reach you to discuss logistics and what accommodations we can make. Or you can call me today at (612) 766-7334.

Additionally, as a reminder, pursuant to the subpoena, you must produce the documents we have requested by tomorrow. Please confirm that you will be doing so, and let me know how you plan to provide us those documents.

(*Id.*) Later that day, Ms. Olson responded by asking what documents were being sought, and counsel promptly provided her with a copy of the subpoena and directed her to the addendum that included the document requests. (*Id.*; *see also* Ex. C.) In this same email, counsel encouraged Ms. Olson to call with any questions about the document request and reiterated their request to "discuss options to accommodate your medical issues." (Ex. F.)

The following morning, on January 3, 2023, Mr. Nelson responded to the email sent to Ms. Olson, stating that he could "verify" Ann Olson's apparent second email address, and further insisting he would "facilitate" counsel's communication with Ms. Olson. (*Id.*) In response to American Modern's document request, Mr. Nelson reported that Ms. Olson does not have "easy access to whatever paperwork exists on the Corvette," and asked

---

[3] This email came from a different email address than the one previously provided to counsel. (*Compare* Ex. D, *with* Ex. F.)

"[w]hat is it precisely you want . . . ." (Ex. F.) As to the deposition, Mr. Nelson stated that Ms. Olson's "request to conduct the deposition via Zoom is complete." (*Id.*) Mr. Nelson also requested to by copied on all future communications with Ms. Olson. (*Id.*)

On January 8, 2024, counsel for American Modern responded to both Mr. Nelson and Ms. Olson in an attempt to amicable resolve a seemingly growing dispute. First, counsel explained that Ms. Olson's deposition—which was scheduled for January 10, 2024—would need to be rescheduled due to Ms. Olson's failure to produce the requested documents. (Ex. F.) Second, in response to Ms. Olson's question, as reported by Mr. Nelson, counsel directed Ms. Olson to their document request. (*Id.* ("I encourage you to call my office number at (612) 766-7334 to discuss your specific questions.").) Third, counsel once again explained that before agreeing to a remote deposition, there are several options counsel for American Modern and Ms. Olson could explore to accommodate her unspecified medical issues. (*Id.*) Lastly, counsel for American Modern made it clear that they "have been, and will continue to be reasonable and work with Ms. Olson as to not impose any undue burden or expense." (*Id.*) Neither Mr. Nelson nor Ms. Olson responded.

Counsel for American Modern follow up with Ms. Olson again on January 17, 2023. (Ex. F.) On January 22, 2024, Ms. Olson dropped everyone else from the email and responded from her "Hotmail" account that she does not have "any of the documents or communications that you are requesting." (*Id.*) Accordingly, counsel for American Modern responded that same day asking Ms. Olson to provide availability for an in-person deposition and to confirm she searched for and does not have responsive documents. (Ex. F.)

Later that day Mr. Nelson emailed counsel for American Modern. (Ex. G.) He stated that he "consult[ed]" with Ms. Olson and that "[s]he is not in a position right now to confirm what she may have buried in her house somewhere." (*Id.*) According to Mr. Nelson, he needed to be involved so counsel for American Modern and him "could consult with each other and have a meeting of the minds on sensitive information that I'm sure you want accurately reported to you." (*Id.*) Two days later, Mr. Nelson again emailed counsel for both Defendants. (Ex. H.) This time, Mr. Nelson stated that he "can't see how deposing [Ms. Olson] would even be reasonably calculated to lead to admissible evidence" and that Ms. Olson's subpoena "is something we should work on resolving . . . because obviously we're not in agreement yet." (*Id.*) On January 30, 2024, counsel American Modern responded to Mr. Nelson explaining that they cannot have substantive conversations with Mr. Nelson regarding Ms. Olson's legal obligation pursuant to the subpoena. (*Id.* ("First, if Ann Olson has questions about her obligations under the federal subpoena that has been issued to her, I encourage her to reach out to me directly to discuss those questions. We are not aware of any authority that permits you to represent, speak for, or negotiate the scope of the subpoena on behalf of Ms. Olson.").)

Despite continued efforts to communicate with Ms. Olson regarding her non-compliance with the subpoena, counsel for American Modern has not heard from Ms. Olson since January 22, 2024. (Ex. F.) Accordingly, American Modern now respectfully moves the Court for an order compelling Ms. Olson to produce responsive documents and sit for an in-person deposition (if feasible). Concurrent with the filing of this motion, American Modern is causing these motion papers to be personally served on Ms. Olson.

## LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A subpoena may command "attendance at a deposition," and may also contain a "command to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies." *Keefe v. City of Minneapolis*, No. 09-cv-2941, 2012 WL 7766299, *3 (D. Minn. May 25, 2012). The same standard of relevance and proportionality apply to a non-party subpoena. *In re Pork Antitrust Litig.*, No. 18-cv-1776, 2022 WL 972401, *7 (D. Minn. Mar. 31, 2022). Under Federal Rule of Civil Procedure 45, a party may move to compel a non-party's compliance with a subpoena. Fed. R. Civ. P. 45; *see also Brinkman v. Spinkler Fitters Local*, No. 19-cv-29881, 2022 WL 420881, at *10 (D. Minn. Feb. 11, 2022). Lastly, a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

## ARGUMENT

### I.  American Modern's Document Requests Seeks Relevant and Proportional Information.

Ms. Olson has never served objections to American Modern's subpoena, and the limited scope of documents requested are relevant to the party's claims and defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). As explained above, Ms.

Olson communicated with Defendants, and was disclosed as someone with knowledge or information relevant to Plaintiff's claims. American Modern is certainly entitled to probe the accuracy of Mr. Nelson's allegation and seek relevant documents from Ms. Olson.

**Request Number One** seeks "all Documents and Communications in your possession, custody, or control related to the Vehicle," which is defined as "the 1965 Chevrolet Corvette, with the VIN 194675AI09205." (Ex C at 5-6.) Based on the title, (Ex. B), Ms. Olson currently owns the vehicle at issue, and American Modern is entitled to seek discovery into her ownership to negate Mr. Nelson's claims in this action. Such information would include the most recent title, any insurance policies, any contracts for storage, maintenance, or other documents relating to the vehicle. This information is also proportional to the needs of the case, and it is unlikely to be a voluminous or oppressive number of documents.

**Request Number Two** seeks "all Documents and Communications between You and Plaintiff relating to the Vehicle." (Ex. C at 6.) The communication between the apparent vehicle owner, Ms. Olson, and Mr. Nelson is undisputable relevant to Mr. Nelson's claim and American Modern's defenses. For example, Mr. Nelson claims he "has access to" the vehicle, (Dkt. No. 49, at ¶ 4), and that it is owned by the "Alexander Nelson Special Needs Trust." (Ex. 3 at 4.) In addition, Mr. Nelson's discovery responses and the emails produced by American Modern tend to show that Ms. Olson and Mr. Nelson were in communication at the time Mr. Nelson sought insurance from Defendants. The contents of those communications are indisputable relevant and proportional. *See, e.g.*, *Brinkman*, 2022 WL 420881, at *10 (granting motion to compel third party to produce "any paper or

electronic documents and electronic communications such as emails, texts, and phone messages to, from, or about plaintiff." (cleaned up)).

**Request Number Three** seeks "all Documents and Communications between You and Plaintiff relating to the facts, contentions, or allegations in this Action." (Ex. C at 6.) To the extent Mr. Nelson has communicated with Ms. Olson regarding the facts, contentions, or allegation in this action—including his communication about the subpoena—those communications are relevant to his claims, and American Modern is entitled to discover the content of these communication, and they are proportional to the needs of the case. *See Brinkman*, 2022 WL 420881, at *10; *Beyond Blond Prods. v Hall*, No. 22-MC-0037, 2022 WL 3444039, *3 (D. Minn. Aug. 17, 2022) (Docherty, Mag. J.,).

**Request Number Four** seeks "all Communications between You and Defendants American Modern Insurance Group, Inc. and NCM Insurance Agency LLC." (Ex. C at 6.) Although American Modern has produced communications with Ann Olson, in the interest of fulsome discovery, it behooves the parties, and Ms. Olson to produce all communication. *See Brinkman*, 2022 WL 420881, at *10; *Beyond Blond Prods. v Hall*, No. 22-MC-0037, 2022 WL 3444039, *3 (D. Minn. Aug. 17, 2022) (Docherty, Mag. J.,).

**Request Number Five** seeks "all Documents in your possession, custody, or control relating to Plaintiff's alleged medical conditions or disabilities." (Garcia, Decl., Ex. 1.) Mr. Nelson initiated this action alleging he is disabled under the Minnesota Human Rights Act and Americans with Disabilities Act. American Modern is entitled to probe the accuracy of those allegation, and Ms. Olson may posses relevant information in her role as trustee and as Mr. Nelson's mother.

## II.   Ms. Olson has Relevant Information Upon Which to Be Deposed.

Mr. Olson has never objected to American Modern's subpoena to testify at a deposition, and the record confirms that Ms. Olson has relevant information. Ms. Olson is a fact witness with knowledge about Mr. Nelson's attempt to procure insurance from American Modern. In fact, Ms. Olson communicated with Defendants herself. Moreover, the records produced thus far indicate that Ms. Olson is the owner of the vehicle at issue. Ms. Olson may also have relevant information about Mr. Nelson's disability, motives, and strategy. American Modern is entitled to discovery on this relevant and proportional information. Fed. R. Civ. P. 26(b)(1).

Ms. Olson's only grounds for noncompliance has been unsubstantiated "medical issues." American Modern attempted to accommodate her claimed medical issues, but Ms. Olson refused to corporate. There are many steps American Modern could take to ensure an in-person deposition works for Ms. Olson. For example, although Ms. Olson lives within 100 miles of counsel's office, counsel could arrange the deposition near her, counsel could provide a driver to bring Ms. Olson to their office, or counsel could coordinate to provide other appropriate resources. Ms. Olson declined to explore these options.

Accordingly, because Ms. Olson has relevant information, and her deposition is proportional to the needs of the case, the Court should compel Ms. Olson's compliance with the subpoena. If feasible, the deposition should take place in person, and American Modern is willing to provide appropriate accommodations.

III.    **American Modern Has Taken Steps to Avoid Imposing an Undue Burden on Ms. Olson.**

The record confirms that American Modern has taken reasonable steps to avoid imposing an undue burden and expense on Ms. Olson. Those steps include, offering to move the date of the deposition, offering to accommodate her medical issues, and offering to provide Ms. Olson with more details regarding the document request over a phone call.

## **CONCLUSION**

For all the reasons stated above, the Court should grant American Modern's Motion and compel Ms. Olson to comply with the subpoena.

Dated: March 14, 2024                     /s/ *Diego E. Garcia*
                                          Larry E. LaTarte (0397782)
                                          Diego E. Garcia (0403581)
                                          Counsel for Defendant American Modern
                                          Insurance Group, Inc.
                                          **FAEGRE DRINKER BIDDLE &
                                          REATH LLP**
                                          2200 Wells Fargo Center
                                          90 South Seventh Street
                                          Minneapolis, MN 55402
                                          Tel. (612) 766-7000
                                          Fax (612) 766-1600
                                          Larry.LaTarte@faegredrinker.com
                                          Diego.Garcia@faegredrinker.com