UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER NELSON, | Case No. 23-CV-525 (NEB/JFD) |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN MODERN INSURANCE GROUP, NCM INSURANCE AGENCY, | |
| Defendants. | |

The Court held a hearing yesterday, April 11, 2024, on American Modern Insurance Group's ("AMIG") Motion to Compel Discovery (Dkt. No. 139) and Motion to Compel Compliance With a Rule 45 Subpoena (Dkt. No. 146). (Hr'g Mins., Dkt. No. 185.) The Court also addressed Plaintiff's Motion to Compel the Deposition of AMIG's Corporate Agent (Dkt. No. 160). The Court issues this order to reiterate the rulings it made on the record, and to rule on the motion it took under advisement[1] (Dkt. No. 139).

---

[1] Because of an administrative oversight, Mr. Nelson's response to AMIG's motions, which he timely filed on March 29, 2024, were not available on the docket before the hearing in this case. The Court took the motion that his response referenced (Dkt. No. 139) under advisement, so that it could rule on a full record. Upon reviewing Mr. Nelson's response, the Court found that the response addresses both AMIG's motion to compel discovery (Dkt. No. 139) and its motion to compel compliance with a Fed. R. Civ. P. 45 subpoena (Dkt. No. 146). While the Court ruled on the Rule 45 motion (Dkt. No. 146) on the record, it did so without knowing that Mr. Nelson advanced arguments regarding it in his written submission. Therefore, the text of this order, written after studying Mr. Nelson's response, is the formal order of this Court.

1

Defendants' Motions are both granted because they seek relevant information, are proportional to the needs of the case, and Mr. Nelson has not responded fully to discovery requests served upon him by Defendants. Mr. Nelson's Motion to Compel is denied because he failed to comply with both the letter and the spirit of this District's Meet and Confer requirement. D. Minn. LR 7.1(a).

### I. AMIG's Motion to Compel Discovery is Granted.

When a requesting party believes its discovery requests are relevant and proportional, but a responding party has not produced the requested information, the requesting party may move for an order compelling the responding party's production, as Defendants have done here. *Id.* Fed. R. Civ. P. 26(b)(2)(c), 37. AMIG must make a threshold showing that the information they want is relevant. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). If AMIG meets its initial burden of showing that the requested discovery is relevant, then the burden shifts to Mr. Nelson to show either that it is not relevant or that it is unduly burdensome. *Patterson Dental Supply, Inc. v. Pace*, No. 19-CV-1940 (JNE/LIB), 2020 WL 10223625, at *20 (D. Minn. June 17, 2020); *St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

Defendants have jointly served eleven Rule 33 interrogatories and eight Rule 34 requests for production of documents. (Def. AMIG's Mem. Supp. Mot. Compel 6, Dkt. No. 141.) They sought information about Mr. Nelson's alleged disability, his previous automobile ownership, his contacts with insurance companies, his damages, and more. (*See generally* Decl. of Larry E. LaTarte in Supp. of AMIG's Mot. to Compel Discovery

("LaTarte Decl. I"), Exs. 1–2, Dkt. No. 142-1.) AMIG's motion papers articulate the relevance of these discovery requests well, and the Court will not repeat its arguments here. (Def. AMIG's Mem. Supp. Mot. Compel 15–18, 21–26.) Mr. Nelson's answers were untimely, evasive, and require supplementation. (Def. AMIG's Mem. Supp. Mot. Compel 6–7.)

As an example, Defendants' fifth interrogatory required Mr. Nelson to describe all the vehicles he owns or has owned, to identify the dates he owned the vehicle, and note all the states where the vehicles were registered. (LaTarte Decl. I, Ex. 1, at 8.) Mr. Nelson responded: "Plaintiff can only speculate." (LaTarte Decl. I, Ex. 3, at 8, Dkt. No. 142-2.) As another example, Defendants' seventh request for production sought documents regarding Mr. Nelson's "visual impairment" or any disability on which he bases his disability discrimination claim, such as medical records, invoices, and statements from doctors. (LaTarte Decl. I, Ex. 2, at 19–20, Dkt. No. 142-1.) Mr. Nelson responded that he has "already produced . . . evidence of his severe [M]ybobian Gland Dysfunction," and that he has provided the names and addresses of optometrists he has seen and a copy of his "SSI determination." (LaTarte Decl. I., Ex. 4, at 6, Dkt. No. 142-3.) AMIG reports that it "has received no such documents." (Def. AMIG's Mem. Supp. Mot. Compel 17–18.)

The record suggests that Mr. Nelson is withholding information responsive to the document requests at issue. Another example is illustrative. Defendants have requested copies of any communications Mr. Nelson had with Defendants, their agents, or their representatives (and all associated documents), but AMIG reports that Mr. Nelson has only

3

produced *seven* documents[2] in this entire litigation. (LaTarte Decl. I, Ex. 2, at 19; Def. AMIG's Mem. Supp. Mot. Compel 10.) Only *two* of these documents are email chains with defendants, but Mr. Nelson tells defense counsel that he believes that he may introduce *any* email correspondence between himself and Defendants. (LaTarte Decl. I, Ex. 2, at 19; Def. AMIG's Mem. Supp. Mot. Compel 10.) This suggests that Mr. Nelson retains more than two email chains with defendants and simply declines to produce them.

Mr. Nelson has not explained why the discovery requests at issue here are irrelevant or unduly burdensome. He simply reports that he has done "everything reasonably within his power to supply Defendants with what he understands they have asked for in discovery." (Pl.'s Resp. to Def.'s Mot. to Compel Discovery 1, Dkt. No. 184.) He says he has attempted to contact the Social Security Administration and his optometrists for information, to no avail. (*Id.* at 1–2.) That may be true, but his difficulty in acquiring information outside of his possession, custody, or control does not negate Mr. Nelson's obligation to turn over all responsive documents that *are* in his possession, custody, or control, and to answer all interrogatories fully and completely. *Nelson v. Am. Fam. Mut. Ins. Co.*, No. 13-CV-607 (SRN/SER), 2016 WL 3919973, at *5 (D. Minn. July 18, 2016) ("[P]arties must diligently pursue discovery and be forthcoming in their discovery

---

[2] Namely, one email chain between Mr. Nelson and NCME employees; one email chain between Mr. Nelson and AMIG employees; a "boilerplate" letter from the Social Security Administration to Aaron Olson (a name Mr. Nelson previously used); an image of a Wisconsin Driver's license in Mr. Nelson's name; a letter from another insurer to Mr. Nelson; a prescription for Aaron Olson; and an image of a passport for Aaron Olson. (Def. AMIG's Mem. Supp. Mot. Compel 11.)

responses.") It strains credulity that only seven documents are responsive to Defendants requests for production in this disability discrimination case, and Mr. Nelson's responses to Defendants' interrogatories are far from forthcoming.

Mr. Nelson must fully comply with the interrogatories and document requests propounded by Defendants. **Failure to comply with this Order will result in sanctions.** Fed. R. Civ. P. 16(f) (allowing the courts to issue just orders and sanction a party that fails to obey a pretrial order); Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions for failure to comply with a court order); Fed. R. Civ. P. 41(b) (allowing courts to dismiss cases when plaintiffs fail to prosecute their claims or comply with a court order).

## II. AMIG's Motion to Compel a Rule 45 Deposition of Ann Olson is Granted.

Under Rule 45, a subpoena may command a respondent to attend a deposition, produce "documents, electronically stored information, or tangible things," and "requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(B), (D). "Pursuant to a subpoena, a non-party can be compelled to produce evidence regarding any matter relevant to the claim or defense of any party, unless a privilege applies." *Keefe v. City of Minneapolis*, No. 9-CV-2941 (DSD/SER), 2012 WL 7766299, at *3 (D. Minn. May 25, 2012) (citing Fed. R. Civ. P. 26(b)(1), 34(c)). However, "a party's ability to use a subpoena . . . is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)." *Wilmas v. Renshaw*, No. 4:20-CV-01020 (SEP), 2021 WL 1546142, at *2 (E.D. Mo. Apr. 20, 2021) (quoting *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006)). Under Rule 26(b)(1) as applied to a nonparty

Rule 45 subpoena, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action," and—even where discovery is relevant—"'discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis omitted)). Beyond the requirements of Rule 26, Rule 45 also imposes an additional layer of proportionality safeguards, which courts are directed to enforce: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena [,]" and "[t]he court for the district where compliance is required must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Moreover, Rule 45 provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c).

AMIG moves to compel the deposition of non-party Ann Olson, Mr. Nelson's mother and the trustee of the trust for his benefit. (AMIG's Mem. in Supp. of Mot. to Compel R. 45 Subpoena 2, Dkt. No. 148.) AMIG's brief lays out the chronology of its interactions with Ms. Olson, where she advised that she is physically unable to attend a deposition because of unspecified medical problems. (*Id.* at 4.) Ms. Olson did not respond to AMIG's offer to accommodate her limitations, and she says she does not have any documents responsive to AMIG's subpoena duces tecum. (*Id.* at 5.) Defense counsel report

6

that they have not had contact with Ms. Olson since January, despite repeated overtures. Ms. Olson did not appear at yesterday's hearing and no attorney has entered a notice of appearance on her behalf.

Ms. Olson's testimony is relevant to this case because, at the very least, she was in conversation with one of the defendants when Mr. Nelson was attempting to purchase insurance from it and, according to the vehicle title, she owns the 1965 Corvette Mr. Nelson seeks to insure. (*Id.* at 2 (citing Decl. of Diego E. Garcia in Supp. of AMIG's Mot. Compel R. 45 Subpoena, Ex. B, Dkt. No. 149-2).) The Court does not find that the request is unduly burdensome or expensive; in fact, the Court finds that counsel have been open to making the deposition less burdensome on Ms. Olson. Ms. Olson must submit to a deposition and provide the requested documents.[3] **Failure to comply with this Order without an adequate excuse is grounds for the Court to recommend that the District Judge hold Ms. Olson in contempt.** Fed. R. Civ. P. 45(g); 28 U.S.C. § 636(e)(6)(B)(iii); *Chicago Truck Drivers v. Brotherhood. Lab. Leasing*, 207 F.3d 500, 504–05 (8th Cir. 2000) ("Although magistrate judges do not themselves have contempt power, they may certify

---

[3] The Court has not considered Mr. Nelson's arguments in opposition to AMIG's motion to depose his mother because he does not represent her. (Pl.'s Resp. Mot. Compel Discovery 2.) If, for instance, service on Ms. Olson was not in compliance with the Federal Rules of Civil Procedure, Ms. Olson or her counsel can bring that to the Court's attention. Mr. Nelson may represent himself in this action, but because he is not an attorney he may not represent others. *Bakambia v. Craane*, No. 22-CV-2922 (PJS/DTS), 2024 WL 578886, at *22 (D. Minn. Jan. 5, 2024), *R & R adopted as modified,* 2024 WL 620167 (D. Minn. Feb. 14, 2024); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016), *R & R adopted*, 2016 WL 2930913 (D. Minn. May 19, 2016).

any contemptuous acts or conduct to a district judge, who may then adjudge that person or party in contempt . . . .")

### III. Mr. Nelson's Motion to Compel a Rule 30(b)(6) Deposition of AMIG is Denied.

The Local Rules of this District require parties to meet and confer before filing a motion. D. Minn. LR 7.1(a). As this Court has often observed, in written orders, in practice pointers, and in text-only orders, this obligation is a serious one. *See, e.g., Chairez v. AW Distrib., Inc.*, No. 20-CV-1473 (NEB/JFD), 2023 WL 2071375, at *3 (D. Minn. Feb. 17, 2023). When a party violates the local rules, including the requirement to meet and confer, the Court "may impose appropriate sanctions as needed to protect the parties and the interests of justice." D. Minn. LR 1.3.

Mr. Nelson served his 30(b)(6) deposition notice on AMIG at 6:02 PM on Monday, March 25, 2024. (Decl. of Larry E. LaTarte in Supp. of AMIG's Opp'n to Pl.'s Mot. Compel ("LaTarte Decl. II"), Ex. 1, Dkt. No. 173-1.) At 1:19 AM on March 26, Mr. Nelson filed a Motion to Compel compliance with the notice he served *not even eight hours earlier*. (LaTarte Decl. II, Ex 2, Dkt. No. 173-1.) Mr. Nelson included a meet and confer statement which read: "Pursuant to Local Rules 7.1, Plaintiff hereby certifies that he attempted to meet and confer with opposing counsel on Plaintiffs' now submitted Motion to Compel the Deposition of AMIG's Corporate Agent but was unable to find the necessary agreement or resolution with the other parties." (Pl.'s Meet & Confer Statement, Dkt. No. 161.)

At yesterday's hearing, Mr. Nelson was uncertain whether he had, in fact, emailed opposing counsel to meet and confer between the time he served the deposition notice and

when he served the motion to compel. The Court asked all defense counsel present whether they received an invitation to meet and confer from Mr. Nelson between the hours of 6:02 PM on March 25 and 1:19 AM the next morning. No counsel reported receiving such an invitation. The Court finds that Mr. Nelson *did not even attempt* to meet and confer before filing his motion, and that his signed meet and confer statement is false. Consequently, his motion to compel is denied. *See* D. Minn. LR 1.3.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. AMIG's Motion to Compel Discovery (Dkt. No. 139) is **GRANTED.** Plaintiff Alexander Nelson shall, within 14 days:
   a. Produce all responsive documents and information in his possession, custody, or control in response to Defendants' Rule 34 Requests for Document Production;
   b. Supplement his responses to Defendants' Rule 33 Interrogatories; and
   c. Within 14 days of this order, show cause why he should not, within 90 days of this order, pay AMIG $500 towards the expenses it incurred in bringing this motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *Mwassa v. Presbyterian Homes & Servs.*, No. 19-CV-1511 (SRN/HB), 2020 WL 13042210, at *2 (D. Minn. Aug. 19, 2020) (requiring pro se party to pay $1,000 after finding he failed to search for responsive information and did not engage in the meet and confer process).

2. AMIG's Motion to Compel Rule 45 Deposition (Dkt. No. 146) is **GRANTED**; Non-party Ann Olson shall, within 14 days of receiving service of this Order:
   a. Produce all responsive documents and information in her possession, custody, or control in response to American Modern's subpoena; and
   b. Sit for an in-person deposition at a time to be determined by the parties' availability.
   c. Defendants will serve a copy of this Order on Ms. Olson and submit an update to this Court when service is complete.

3. Plaintiff's Motion to Compel a Rule 30(b)(6) Deposition of AMIG is **DENIED** for failing to meet and confer. D. Minn. LR 7.1(a); *Jidoefor v. Sherburne Cnty.*, No. 22-CV-2205 (PAM/ECW), 2023 WL 2435169, at *2 (D. Minn. Mar. 9, 2023) (noting that magistrate judges in this District have denied motions for this reason).

Date: April 12, 2024           *s/ John F. Docherty*
                                                             JOHN F. DOCHERTY
                                                             United States Magistrate Judge