UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEXANDER NELSON, | Case No. 23-cv-525 (LMP/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| AMERICAN MODERN INSURANCE GROUP, INC., | |
| Defendant. | |

Alexander Nelson, *pro se*.

Larry E. LaTarte and Diego E. Garcia, **Faegre Drinker Biddle & Reath LLP**, **Minneapolis, MN**, for Defendant American Modern Insurance Group, Inc.

Plaintiff Alexander Nelson ("Nelson") filed suit against Defendants American Modern Insurance Group, Inc. ("American Modern") and NCM Insurance Agency, LLC ("NCM"), alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, and the Minnesota Human Rights Act ("MHRA"). *See* ECF No. 49. American Modern moves for summary judgment on all counts.[1] *See* ECF No. 219. For the following reasons, the Court grants American Modern's motion.

## FACTUAL BACKGROUND

NCM is an insurance agency that sells classic vehicle insurance policies issued by American Modern. ECF No. 227-1 at 1. Sometime in 2022, Nelson requested a quote

---

[1]  NCM also filed a motion for summary judgment (ECF No. 225), but before that motion was heard, Nelson and NCM stipulated to NCM's dismissal with prejudice (ECF No. 250). The Court therefore denied NCM's motion for summary judgment as moot. *Id.*

1

from NCM for a classic vehicle policy from American Modern. *Id.*; ECF No. 49 ¶ 3. After receiving the request, NCM informed Nelson that its insurance carriers, like American Modern, require that the owners of any insured classic vehicle must also have a daily-use vehicle. ECF No. 227-1 at 1. NCM explained to Nelson that if he did not own and operate a daily-use vehicle, he would not be able to purchase a stand-alone classic vehicle policy from NCM. *Id.*

Nelson informed NCM and American Modern that he had a disability that prevented him from operating a vehicle on a regular basis and therefore did not own a daily-use vehicle. ECF No. 222-7 at 9. Nelson requested a "reasonable accommodation" from American Modern under the ADA and the MHRA, asking to be issued a classic vehicle policy without owning and operating a daily-use vehicle. *Id.* American Modern concluded that Nelson was ineligible for the classic vehicle policy, and neither NCM nor American Modern issued the classic vehicle policy to Nelson. *See id.* at 6; ECF No. 49 ¶ 5.

Nelson initiated this action in Minnesota state court against American Modern and NCM, and they removed the case to federal court on March 3, 2023. *See* ECF No. 1. The operative complaint—Nelson's Second Amended Complaint (ECF No. 49)—alleges that American Modern and NCM engaged in disability discrimination in violation of the ADA, Rehabilitation Act, and the MHRA by denying Nelson's reasonable accommodation for a classic vehicle insurance policy. ECF No. 49 ¶¶ 9–10. Nelson seeks only monetary damages as a remedy. *Id.* ¶ 12.

American Modern now seeks summary judgment on the merits of Nelson's ADA, Rehabilitation Act, and MHRA claims. ECF Nos. 219. Nelson has filed opposition briefs to American Modern's motion. ECF Nos. 231, 247.

A hearing on the motion was originally scheduled for January 21, 2025; however, due to cold weather affecting Nelson's disabilities, Nelson requested a "reasonable accommodation" to hold the hearing virtually. The Court rescheduled the motion hearing to January 29, 2025, advising Nelson that if the hearing did not go forward on January 29, 2025, the Court would decide the motion on the papers. ECF No. 252. On the morning of January 29, 2025, Nelson wrote a letter to the Court stating that he was having mobility issues and was afraid to travel on public transportation to attend the motion hearing. ECF No. 255. However, Nelson stated that he would attempt to attend the hearing in person, but if he was unable to, he requested that the Court consider "his arguments on the papers against Defendant's oral arguments." *Id.* The motion hearing was held on January 29, 2025; counsel for American Modern were present, while Nelson was not. ECF No. 256. As Nelson[2] requested, the Court took the motion under advisement based on the parties' arguments in their moving papers, along with American Modern's oral argument.

---

[2] There is some evidence in the summary-judgment record suggesting that Plaintiff "Alexander Nelson" is actually "Aaron Olson," a restricted filer in this District. *See* ECF No. 222-3 at 2 (Plaintiff's passport bearing the name of Aaron Olson); *see Olson v. Ramsey County*, No. 15-cv-3131 (DWF/JSM), 2015 WL 5778478, at *7 (D. Minn. Oct. 1, 2015) (imposing filing restrictions on Aaron Olson). The Court need not address this issue further to decide the motion, but if Alexander Nelson is actually Aaron Olson, "Nelson" is warned that he is restricted from filing new litigation in this District, regardless of the name he chooses for his pleadings.

## ANALYSIS

Summary judgment is proper only if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Riedl v. Gen. Am. Life Ins.*, 248 F.3d 753, 756 (8th Cir. 2001) (citation omitted) (internal quotation marks omitted). At this procedural juncture, this Court does "not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021) (citation omitted) (internal quotation marks omitted). Additionally, the Court must view the facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Finally, the Court is mindful that it must "liberally construe pro se filings." *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

**I.   ADA Claim**

Under Title III of the ADA—the title that relates to discrimination by a public accommodation—injunctive relief is the only private relief available. *Hillesheim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020). Here, the only relief Nelson seeks for his ADA claim is monetary damages. ECF No. 49 ¶ 12. But because Title III of the ADA does not authorize private actions seeking monetary damages, Nelson's ADA claim fails as a matter of law.[3] *See Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662,

---

[3]   Perhaps sensing that his ADA claim was on thin ice, Nelson moved for leave to file a third amended complaint that would have added a claim for injunctive relief. *See* ECF Nos. 77, 77-1. United States Magistrate Judge John F. Docherty denied Nelson's motion as untimely, and United States District Judge Nancy E. Brasel affirmed that decision. *See* ECF No. 108 at 9–10; ECF No. 119.

663 (8th Cir. 2013) (affirming grant of summary judgment against plaintiff's ADA Title III claim when monetary damages were "the sole remedy that he requested"). The Court therefore grants summary judgment to American Modern on Nelson's ADA claim.

## II.     Rehabilitation Act Claim

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). To prevail on a Section 504 claim, therefore, a plaintiff must prove that he "was denied the benefits of a program or activity of a public entity *receiving federal funds*." *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971 (8th Cir. 1999) (emphasis added).

Nelson provides no evidence that American Modern—a private business engaged in the insurance industry—receives federal funding. The Court must therefore grant summary judgment to American Modern on Nelson's Rehabilitation Act claim. *See O'Connor v. Metro Ride, Inc.*, 87 F. Supp. 2d 894, 897–98 (D. Minn. 2000) (granting summary judgment against plaintiff's Rehabilitation Act claim when defendant did not receive federal funding); *Shearer v. Cub Foods*, No. 05-cv-2159 (DSD/JJG), 2006 WL 737030, at *2 (D. Minn. Mar. 20, 2006) (same).

## III.    MHRA Claim

Finally, Nelson asserts a claim for disability discrimination under the MHRA. Unlike the ADA, the MHRA permits private actions for monetary damages, *see* Minn. Stat. § 363A.33, subds. 1, 8, so the Court may reach the merits of Nelson's MHRA claim.

The MHRA provides that "[i]t is an unfair discriminatory practice . . . to deny any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of . . . disability." Minn. Stat. § 363A.11, subd. 1(a)(1). A public accommodation's failure to provide a reasonable accommodation to an individual with a disability can constitute disability discrimination under the MHRA. *See id.*, subd. 1(a)(2); *Wong v. Muddy Pig, Inc.*, No. 14-cv-3334 (RHK/TNL), 2015 WL 225231, at *1 (D. Minn. Jan. 16, 2015).

Minnesota courts use the *McDonnell-Douglas* burden-shifting framework to assess MHRA claims of discrimination by public accommodations. *See Johnson v. Schulte Hosp. Grp., Inc.*, 66 F.4th 1110, 1114 (8th Cir. 2023) (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that framework, if the plaintiff "establishes a prima facie case of discrimination, the second part of the *McDonnell-Douglas* framework applies, and the burden shifts to the place of public accommodation to articulate a legitimate, nondiscriminatory reason for its actions." *Id.* (quoting *Aromashodu v. Swarovski N. Am. Ltd.*, 981 N.W.2d 791, 796 (Minn. Ct. App. 2022)). "If the place of public accommodation carries its burden, the third part of the *McDonnell-Douglas* framework applies, and the party must then prove, by a preponderance of the evidence, that the stated reasons for the actions of the place of public accommodation were not true reasons but instead amount to a pretext for discrimination." *Id.* (quoting *Aromashodu*, 981 N.W.2d at 796).

For purposes of this motion only, the Court assumes without deciding that Nelson has met his burden to establish a prima facie case of discrimination. The burden therefore

6

shifts to American Modern to "articulate a legitimate, nondiscriminatory reason for its actions." *Id.*

There is no genuine dispute of material fact that American Modern satisfies that burden. The summary judgment record contains the affidavit of NCM's Executive Director Adam Boca, who explains that classic vehicle insurance policies are priced significantly lower than standard vehicle insurance policies because such policies are issued with the presumption that the insured classic vehicle is not the insured driver's primary or only vehicle.[4] ECF No. 227-1 at 1–2. A driver who does not possess a daily-use vehicle (and subsequently uses a classic automobile as their primary vehicle) has a significantly higher insurable risk, which would require American Modern and NCM to charge "much higher premiums."[5] *Id.*

In essence, denial of a classic vehicle policy to Nelson is not a matter of disability discrimination, but rather is a matter of the financial risk profile of drivers who possess only a classic vehicle. The risk of financial losses to American Modern from insuring riskier drivers constitutes a "legitimate business reason" for excluding Nelson from

---

[4] Although this affidavit was included with NCM's now-moot motion for summary judgment, the Court may consider it in ruling on American Modern's motion because the affidavit is part of the summary-judgment record. *See* Fed. R. Civ. P. 56(c)(3); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (describing the summary-judgment record as "the pleadings, the discovery and disclosure materials on file, and any affidavits").

[5] Indeed, Nelson stated in a discovery response that he received a quote from another insurance company which considered waiving its daily-use vehicle requirement, but that the quote from that company "was very expensive." ECF No. 227-1 at 9–10. That evidence bolsters the argument that denying a classic vehicle policy to Nelson was a matter of financial risk, not of discrimination.

7

receiving a classic vehicle policy. *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 955 (8th Cir. 2001); *cf. Taylor v. QHG of Springdale, Inc.*, 218 F.3d 898, 900 (8th Cir. 2000) (holding that "financial losses" to a business were a legitimate, nondiscriminatory reason for a reduction-in-force); *LeBlond v. Greenball Corp.*, 942 F. Supp. 1210, 1218 (D. Minn. 1996) (same).

Under *McDonnell-Douglas*, the burden then shifts back to Nelson to demonstrate that American Modern's legitimate business justification is really a pretext for discrimination against individuals with disabilities. *Johnson*, 66 F.4th at 1114. To do so, Nelson must show that American Modern's explanation is "unworthy of credence because it has no basis in fact," or that "a [prohibited] reason more likely motivated the [defendant]." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011) (citation omitted) (cleaned up).

Nelson fails to meet this burden. He offers no evidence that American Modern's policy has disproportionately impacted comparable individuals with disabilities, which would be probative evidence of pretext. *See Bevan v. Honeywell, Inc.*, 118 F.3d 603, 612 (8th Cir. 1997); *Hamblin v. Alliant Techsystems, Inc.*, 636 N.W.2d 150, 155 (Minn. Ct. App. 2001). Nor does Nelson offer any comments made by American Modern's decisionmakers that would demonstrate a "discriminatory corporate culture." *Hamblin*, 636 N.W.2d at 154.

In fact, Nelson does not respond to American Modern's business justification at all. Even liberally construing Nelson's summary-judgment evidence, the closest Nelson comes to offering evidence of pretext is his statement that American Modern responded to his

8

reasonable accommodation request in a "curt, dismissive, and evasive manner." ECF No. 49 ¶ 10. But vague, conclusory allegations such as these "fail to provide any factual basis to conclude that [American Modern's] proffered reason was pretextual or that it was animated by discriminatory motives." *Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995).

Nelson's evidence of pretext essentially boils down to his subjective view that American Modern discriminated against him by failing to grant a reasonable accommodation. But Nelson cannot meet his *McDonnell-Douglas* burden to show pretext by simply offering his subjective, personal belief that American Modern discriminated against him. *See Davenport v. Riverview Gardens Sch. Dist.*, 30 F.3d 940, 945 (8th Cir. 1994) (holding that plaintiff's "failure to adduce any independent evidence to substantiate" his claim of pretext entitled defendant to summary judgment); *Axtell v. Nw. Airlines, Inc.*, No. 97-cv-2632 (ADM/AJB), 1999 WL 33912056, at *6 (D. Minn. June 30, 1999) ("Because [plaintiff] has produced no evidence, other than her own subjective claim . . . she cannot successfully demonstrate pretext and survive summary judgment."). The Court therefore grants summary judgment to American Modern on Nelson's MHRA claim.[6]

---

[6] In deciding American Modern's motion, the Court has considered the entirety of the relatively anemic summary-judgment record, including Nelson's verified complaint and his opposition briefs (which the Court liberally construes as declarations). *See* ECF Nos. 49, 222, 227, 231, 247; *see also Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994–95 (8th Cir. 2001) (holding that verified complaint may be considered as summary-judgment evidence); Fed. R. Civ. P. 56(c) (explaining that declarations may be considered as summary-judgment evidence). Therefore, to the extent that American Modern's motion

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. American Modern's Motion for Summary Judgment (ECF No. 219) is **GRANTED.**

2. Nelson's Second Amended Complaint (ECF No. 49) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 26, 2025              *s/Laura M. Provinzino*
                                   Laura M. Provinzino
                                   United States District Judge

---

for sanctions (ECF No. 236) seeks the exclusion of evidence, ECF No. 238 at 10–16, that request is moot. And because the Court dismisses Nelson's lawsuit on the merits, American Modern's request for dismissal as a discovery sanction is also now moot. *Id.* at 16–18. However, the Court will leave the task of reconsidering American Modern's request for attorneys' fees to Magistrate Judge Docherty. *See id.* at 18 n.7.